NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOUIS J. AGUIRRE, Plaintiff-Appellant, v. CLARK E. DUCART, Warden; JEFFREY A. BEARD; SCOTT KERNAN; CONNIE GIPSON, Warden, Defendants-Appellees, S. BURRIS; J. FRISK, Defendants-Appellees, and D. WILCOX; D. WELLS, Defendants. | No. 21-15269 D.C. No. 4:17-cv-06898-YGR MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted July 27, 2022[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

San Francisco, California

Before: GRABER and OWENS, Circuit Judges, and BAKER,*** International Trade Judge.

Plaintiff-Appellant Louis Aguirre, a former inmate within the California Department of Corrections and Rehabilitation, appeals from the district court's order granting summary judgment to Defendants-Appellees Clark E. Ducart, S. Burris, and J. Frisk. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Aguirre does not meaningfully challenge the district court's resolution of his primary due process claims on collateral estoppel grounds or on the merits. He has therefore waived review of this issue. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) ("Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief."). Indeed, Aguirre noted in his reply brief that Defendants-Appellees' brief focused on these issues even though he did not challenge them on appeal.

2. Aguirre challenges the district court's dismissal of his "meaningful periodic review" claim as beyond the scope of the Second Amended Complaint ("SAC"). He argues that he properly pled such a claim and cites the SAC at length to illustrate his point. However, the majority of those citations refer to his primary

---

*** The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

due process claim about the alleged errors in his Six-Year Review and Gang Revalidation—a claim that the district court resolved on the merits and that Aguirre specifically does not challenge on appeal—and not to any separate "meaningful periodic review" claim. If any allegations in the SAC could support a separate "meaningful periodic review" claim, they do not "give the defendant[s] fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).

Aguirre argues that, even if his claim was not properly pled, the district court should have construed his opposition to summary judgment "as a request pursuant to rule 15(b) of the Federal Rules of Civil Procedure to amend the pleadings out of time." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citation omitted). We disagree. The liberal amendment policy underlying *Desertrain* is not applicable where, as here, a scheduling order prohibits future amendment without a "showing of good cause." *See DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017); *see also Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) (en banc) (holding that "summary judgment is not a procedural second chance to flesh out inadequate pleadings" (citation omitted)).

3. Aguirre next argues that the district court erred in concluding that he

3

had not pled any claim or injury tied to the *Ashker* class action settlement.  But the SAC contains no allegations of a delayed *Ashker* review.  While the SAC does contain allegations about a delayed Six-Year Active/Inactive Review, it contains no allegations connecting this alleged error to a delayed *Ashker* review.  And for the reasons previously stated, the district court did not err by not construing Aguirre's opposition to summary judgment as a motion to add such a claim to his pleadings.  *See DRK Photo*, 870 F.3d at 989.

**AFFIRMED.**

4